## The People of the State of Illinois ex rel. G. Frank Lydston, Appellee, v. Maclay Hoyne, State's Attorney, Appellant.

### Gen. No. 20,799.     (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 6, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Suit by the People of the State of Illinois on the relation of G. Frank Ldyston against Maclay Hoyne, State's Attorney, seeking to compel the defendant, by mandamus, to sign a petition as State's Attorney, for leave to file an information in the nature of a quo warranto. The petition alleged, in substance, that certain persons, therein named, were unlawfully elected and acting as trustees for the American Medical Association, an Illinois corporation, not for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

profit. A general demurrer to the petition, interposed by the defendant, was sustained by the Circuit Court, whereupon the petitioner elected to stand by his petition and appealed to this court. This court (*People ex rel. Lydston v. Hoyne,* 182 Ill. App. 42) held that the Circuit Court erred in sustaining the demurrer to the petition for mandamus and reversed the judgment of that court and remanded the cause. Thereafter, this court, *by stipulation of the parties,* set aside the judgment it had entered, overruled the demurrer and entered a final judgment awarding a peremptory writ of mandamus, commanding the defendant, the State's Attorney of Cook county, to sign the said information in accordance with the prayer of the petition. Thereafter an appeal was taken to the Supreme Court and that court (*People ex rel. Lydston v. Hoyne,* 262 Ill. 82) held that this court had no jurisdiction, notwithstanding the stipulation of the parties, to enter a judgment overruling the demurrer and awarding the writ, and the judgment of this court was reversed and the cause remanded to this court with directions to enter a judgment in accordance with the one originally entered by this court. Thereafter this court remanded the cause to the Circuit Court and thereafter that court, in obedience to the judgment of this court, overruled defendant's demurrer. The latter elected to stand by his demurrer, and a final judgment was entered awarding a peremptory writ of mandamus commanding the defendant to sign the information in accordance with the prayer of the petition for mandamus. This appeal followed.

FREDERICK Z. MARX, for appellant.

STEDMAN & SOELKE, for appellee.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

APPEAL AND ERROR, § 1725*—*when former appeal binding.* Where a subsequent appeal presents the same suit, with the same parties thereto and with the same question involved as was passed upon and decided in the former appeal, the former adjudication is conclusive upon the parties.